A consideration of this case for the second time by this court resulted in our opinion of 21 May 1982. In it, this court made a statement concerning our scope of review of decisions of the Court of Criminal Appeals. That statement in pertinent part is as follows:
 "Of course, on review by certiorari, we must defer to the fact findings of the Court of Criminal Appeals. Flannagin v. State, 289, 177, 266 So.2d 643
(1972). . . ."
On application for rehearing, petitioner contends this court erred when it did not consider his rule 39 (k) statement for additional or corrected facts, amending those set out in the opinion of the appellate court, and misstated the rule regarding our scope of review of decisions of that appellate court. This is evidenced by petitioner's challenge of our quote from Flannagin.
Under Rule 39 (k), ARAP, if a petitioner wishes, he may on an application for rehearing to the appellate court, present a statement of additional, or claimed corrected, facts for that court's consideration. If the request is denied petitioner may include, in the petition for certiorari filed with this court, that statement and "it will be considered along with the statement of facts in the opinion of the appellate court, iffound to be correct." (Emphasis added.)
A careful review of our opinion in this case demonstrates that petitioner's 39 (k) statement was considered when we addressed the issue of whether the appellate court erred when it failed to reverse the trial court's ruling that denied defendant's motion for new trial based on false answers given by the jury foreman during voir dire examination of prospective jurors. Petitioner could have readily determined that this 39 (k) statement was not overlooked if he had carefully reviewed the record, together with his 39 (k) statement. We did so, without difficulty, and concluded that the "false answers" issue petitioner says the appellate court did not address, in fact, was not addressed by it.
However, petitioner correctly asserts that we erred in our statement regarding this court's scope of review in appeals structured on a record, framed as is the one in this particular case. We note that Flannagin, in its applicability to our scope of review by certiorari, is applicable to this case to the extent those issues raised by petitioner's 39 (k) statement were found to be incorrect and without merit. To the extent the one issue in that statement was meritorious, we hereby clarify our opinion and state that our scope of review is not limited only to the facts found in the appellate court's opinion, but also includes consideration of petitioner's additional, or claimed corrected, statement of facts. Rule 39 (k), ARAP.
As we again review the record in this case, and again consider petitioner's 39 (k) statement, we find no new issues or facts not carefully considered or correctly disposed of either by this court or the appellate court.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and FAULKNER, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.